UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIFFANY FRANCES HENRY**, <br><br> Plaintiff, <br><br> v. <br><br> **REYNOLDS & ASSOCIATES, INC.,** *et al.*, <br><br> Defendants. | Case No. 1:20-cv-02321 (TNM) |

**MEMORANDUM ORDER**

Plaintiff Tiffany Frances Henry filed this case in the Superior Court of the District of Columbia, alleging that she was mistreated as a resident of the Fairview Residential Re-entry Center in Washington, D.C ("Fairview"). Defendants removed this action so that it could proceed in federal court. Henry moves for remand, pointing out that Defendants filed the notice of removal after the statutory deadline expired. For the following reasons, the Court will grant the motion and remand the case.

**I.**

Henry filed a complaint in Superior Court in March 2020. *See* Defs.' Notice of Removal Ex. 2 ("Complaint"), ECF No. 1-2. She sued Reynolds & Associates, Inc. and its co-owners Charles M. Reynolds, Jr. and Reesa Motley Reynolds (collectively, "the Reynolds"), who operated Fairview. *Id.* at 8–10.[1] Under contracts with the D.C. Department of Corrections and the Federal Bureau of Prisons, Fairview houses women with criminal charges pending against them or who are reentering the community after terms of incarceration *Id.* at 8. Henry resided

---

[1] All citations are to the page numbers generated by this Court's CM/ECF system.

there for two years, and she alleges that the staff mistreated and discriminated against her in many ways. *Id.* at 7, 11–23. Her complaint advances five causes of action: (1) illegal discrimination, in violation of the D.C. Administrative Procedure Act and D.C. Human Rights Act; (2) Intentional Infliction of Emotional Distress; (3) deprivation of her constitutional rights, in violation of 42 U.S.C. § 1983; (4) illegal discrimination, in violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000(d) *et seq.*; and (5) unlawful detention. *Id.* at 11–23.

The Reynolds formally received service of the Complaint on July 17, 2020. *See* Defs.' Mem. of P. & A. in Opp'n to Pl.'s Mot. to Remand ("Opp'n") Ex. 1 at 1–3, ECF No. 10-1. On August 17, 2020, their counsel sent a messenger to file a Notice of Removal with the Clerk of this Court. *See* Opp'n Ex. 2, ECF No. 10-2. The messenger deposited into the Clerk's after-hours drop box a paper version of the Notice of Removal and a CD containing a PDF version. *Id.* The messenger certified that delivery occurred at 6:21 p.m. *See* Opp'n Ex. 3, ECF No. 10-3. The Clerk date stamped them on August 18, 2020, the following business day. *See* Opp'n Ex. 2 at 2–3, 9.

After reviewing the delivery, the Clerk's Office mailed the submission back to the Reynolds's counsel with a notice explaining that the Clerk rejected the filing because it did "not comply with the Federal Rules of Civil Procedure and the Local Rules" of the Court and because the "Notice of Removal must be filed electronically via ECF pursuant to LCvR 5.4." Opp'n Ex. 2 at 1. While the rejection and explanation were in the mail, counsel tried to electronically file the Notice of Removal on August 21 "out of caution" and included a note asking the Clerk to docket the notice as filed on August 17—the day it "was submitted in paper form." Opp'n Ex. 5 at 1., ECF No. 10-5. On August 24, 2020, the Clerk's Office requested the submission of an errata to correct the signature line of the electronically filed document, which bore an "/s/" on the

2

signature line and not counsel's full name, as required. *See* Opp'n Ex. 6, ECF No. 10-6. Counsel filed an errata that day, *see* ECF No. 3, and the Clerk docketed the Notice of Removal as entered on August 21, 2020, *see* ECF No. 1.

Henry timely moved the Court to remand this case back to Superior Court under 28 U.S.C. § 1447(c), contending that removal was procedurally defective because the Notice of Removal was not timely filed. *See* Mot. to Remand and Incorporated Mem. of Law ("Mot.") at 11–14, ECF No. 8. She also requests attorney's fees and costs related to litigating the removal issue. *Id.* at 18–19. The Reynolds responded and reject both requests. *See* Opp'n at 3–8.

**II.**

Henry contends that the Court must remand this case because the Reynolds's Notice of Removal was not timely filed.[2] Mot. at 11–12. She is correct.

The notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading or the service of the summons, whichever is sooner. *See* 28 U.S.C. § 1446(b)(1), (2)(B). Neither party disputes that the deadline for the Reynolds to file was August 17, 2020.[3] The Reynolds ignored this district's Local Rules by trying to file the notice in paper

---

[2] Henry also argues that this Court lacks subject matter jurisdiction over this matter and, alternatively, that the Court should abstain from hearing this case out of respect for federal-state comity. *See* Mot. at 16–17. The Court need not address these issues because it concludes that remand is required based on the procedural defect in removal—a determination that does not touch the merits of the dispute. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("A federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (cleaned up); *Intec USA v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006) (Easterbrook, J.) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits."); *accord FSM Dev. Bank v. Arthur*, No. 11-CV-05494-LHK, 2012 WL 1438834, at *3 (N.D. Cal. Apr. 25, 2012) ("The Court may consider the timeliness of the removal before considering whether it has subject matter jurisdiction.").

[3] Although August 17 was technically 31 days later, the day before was a Sunday, so the 30-day period continued into the next day. *See* Fed. R. Civ. P. 6(a)(1)(C).

form rather than electronically.  *See* LCvR 5.4(a), (e).  But the method of filing aside, the submission was late.  Under the Federal Rules of Civil Procedure, the "last day" of a statutory filing period ends "for electronic filing, at midnight in the court's time zone" and "for filing by other means, when the clerk's office is scheduled to close."  Fed. R. Civ. P. 6(a)(4).  The Clerk's Office closes at 4:30 p.m.  *See* LCvR 77.1.  This is why the Clerk's Office date stamped the documents as received the following day.  Because Defendants did not file the Notice of Removal electronically, their 6:21 p.m. filing fell outside the 30-day window mandated by the statute.

The Reynolds frame events slightly differently.  They explain that they "mistakenly but in good faith attempted to file their notice of removal in paper format within the statutory time period and failed because the Clerk rejected the paper filing without affording Defendant[s] the opportunity to refile contemplated by LCvR 5.4(g)(2)."  Opp'n at 5.  That is not quite right.  The Reynolds characterize their error as merely submitting the documents on time but in the wrong form, yet they fail to appreciate that the statutory deadline for paper filings expired when the Clerk's Office closed that day.  *See* Fed. R. Civ. P. 6(a)(4).  Their brief does not engage with Rule 6(a) and the deadline for paper filings that it sets independent of the Local Rules generally requiring electronic filing.  Cases in which courts have excused *timely* filings that suffered from technical deficiencies thus do not help the Reynolds.  *See* Opp'n at 4–5.

They also complain that remand would be a "harsh result."  Opp'n at 5.  Perhaps so.  But that does not make it any less necessary.  Courts in this district have routinely remanded cases in which removal was improper, and along the way "have construed removal jurisdiction strictly."  *Ballard v. District of Columbia.*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011).  This has held equally true where procedural defects in removal required remand.  *See, e.g.*, *Wells Fargo Bank, N.A. v.*

4

*Toggas*, No. 1:19-CV-03157 (TNM), 2020 WL 1323122, at *2 (D.D.C. Mar. 20, 2020) (remanding case because removal was untimely). Because Henry has timely moved for remand under 28 U.S.C. § 1447(c), the Court will remand this case.

The Court will not, however, grant attorney's fees or costs to Henry. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Reynolds did not lack an objective basis for *seeking* removal; they just (barely) failed to meet the statutory deadline. And there is no hint of bad faith here. *See Ibrahim v. 1417 N St. Assocs., L.P.*, 950 F. Supp. 406, 408 (D.D.C. 1997) (finding fees not warranted "in the absence of evidence of either a frivolous filing or bad faith").

### III.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Remand is GRANTED; it is further

**ORDERED** that Plaintiff's request for Attorney's Fees and Costs is DENIED; and it is further

**ORDERED** that this case shall be remanded to the Superior Court of the District of Columbia.

The Clerk of Court shall close this case.

Dated: December 7, 2020                                    TREVOR N. McFADDEN, U.S.D.J.